JOURNAL ENTRY AND OPINION
{¶ 1} Schaefer Landscape Design, Inc., Jason Schaefer, Chelsea Flower Garden and Timothy Schaefer, defendants-appellants/cross-appellees, appeal the judgment of the trial court granting in part Robert J. Schneider's, plaintiff-appellee/cross-appellant, motion for summary judgment based upon defendants' alleged violation of the Home Solicitation Sales Act ("HSSA"). The trial court subsequently added that "there is no just cause for delay" to its order pursuant to Civ.R. 54(B). Plaintiff cross-appeals the same judgment of the trial court, wherein the court ruled that defendants were entitled to recover the amount of the goods delivered by them pursuant to the respective contracts under the HSSA and the theory of unjust enrichment. For the reasons that follow, we dismiss this appeal.
 {¶ 2} Appellate courts in Ohio have jurisdiction to review the final orders or judgments of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final appealable order is one which inter alia affects a "substantial right" and either determines the action or is entered in a special proceeding. R.C. 2505.02(B)(1)(2). If a judgment is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.Prod. Credit Assn. v. Hedges (1993), 87 Ohio App.3d 207, 210,621 N.E.2d 1360, 1362 at fn. 2; Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701, 702.
 {¶ 3} Generally speaking, judgments that determine liability, but defer the issue of damages for later determination, are not final appealable orders. See State ex rel. White v. CuyahogaMetro. Hous. Auth. (1997), 79 Ohio St.3d 543, 546,684 N.E.2d 72; see, also, GTE North Inc. v. Carr (1993),84 Ohio App.3d 776, 778, 618 N.E.2d 249 at fn. 1. A determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves. See Horner v. ToledoHosp. (1993), 94 Ohio App.3d 282, 290, 640 N.E.2d 857.
 {¶ 4} For example, Ohio courts have consistently held that judgments awarding attorney fees, but deferring the amount of those fees for later adjudication, do not determine the action and therefore are neither final nor appealable. See, e.g., Ft.Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. of Edn.
(1993), 87 Ohio App.3d 840, 843, 623 N.E.2d 232; Cole v. Cole
(Nov. 8, 1993), Scioto App. No. 93CA2146; Pickens v. Pickens
(Aug. 27, 1992), Meigs App. No. 459; State ex rel. Van Meter v.Lawrence Cty Bd. of Commrs. (Aug. 26, 1992), Lawrence App. No. 91CA25; Bilder v. Hayes (Jan. 25, 1995), Summit App. No. 16704;Baker v. Eaton Corp. (Dec. 10, 1990), Stark App. No. CA-8235.
 {¶ 5} In this case, the trial court ruled that "plaintiff has the right to rescind the contract, [and] defendant is entitled to recover the amount of goods delivered by defendant pursuant to the contracts in accordance with R.C. 1345.27 (the HSSA) and the theory of unjust enrichment." In so ruling, the trial court determined liability, but did not ascertain damages. We recognize that the trial court subsequently provided that "there is no just cause for delay." This language does not, however, cure the jurisdictional defect. Damages are part of a claim for relief, rather than a separate claim in and of itself, and therefore a determination of liability without a determination of damages is not a final appealable order even with the addition of Civ.R. 54(B) language. See Hitchings v. Weese (1997),77 Ohio St.3d 390, 391, 674 N.E.2d 688 (Resnick, J., Concurring); see, also,Horner v. Toledo Hosp., supra, at 288-289. A finding of "no just reason for delay" pursuant to Civ.R. 54(B) does not make appealable an otherwise nonappealable order. McCabe/Marra Co. v.Dover (1995), 100 Ohio App.3d 139, 160, 652 N.E.2d 236; Cassimv. Cassim (1994), 98 Ohio App.3d 576, 579, 649 N.E.2d 28;Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, 302,549 N.E.2d 1202. Furthermore, an appellate court is not bound by a trial court's determination that its judgment constitutes a final appealable order. See Ft. Frye Teachers Assn., supra.
 {¶ 6} Accordingly, because the judgment from which this appeal is taken does not constitute a final appealable order, we lack jurisdiction to consider the instant appeal.
 {¶ 7} This appeal is dismissed.
It is, therefore, ordered that defendants-appellants/cross-appellees and plaintiff-appellee/cross-appellant equally share the costs herein taxed.
It is ordered that a special mandate be sent to the Common Pleas Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Kilbane, J., concur.