DECISION AND ENTRY
{¶ 1} Appellant has filed a motion which asks this Court to reconsider its decision of February 2, 2006, dismissing the above-captioned appeal for lack of a final appealable order. Appellant's motion was filed on February 9, 2006, and Appellee filed a memorandum in opposition to the motion for reconsideration on February 21, 2006.
 {¶ 2} We dismissed Appellant's appeal because we concluded that it was not a final appealable order pursuant to R.C.2505.02, and determined that an appeal was specifically precluded by R.C. 163.09. In Appellant's motion to reconsider he explains that two separate decisions of the trial court were being appealed: (1) the trial court's decision of January 5, 2005, determining that Appellee's exercise of eminent domain was valid and necessary (the "Necessary Decision"), and (2) the September 19, 2005 decision of the trial court which denied Appellant's trespass claim (the "Trespass Decision"). Appellant asserts that we should still retain jurisdiction over the Trespass Decision because it is a final appealable order. We disagree.
 {¶ 3} Although R.C. 163.09 does not preclude the Trespass Decision from immediate appeal, the Trespass Decision is still not final and appealable pursuant to R.C. 2505.02. Appellant asserts that because the Trespass Decision is completely resolved, the addition of Civil Rule 54(B) makes it a final appealable order. However, upon examination of the underlying action we conclude that Civil Rule 54(B) is not applicable to the entry on appeal. The underlying action does not involve multiple claims, but instead involves multiple theories of recovery which arose from a single claim. Therefore, as damages for the appropriation still must be determined, the trial court's orders have not completely resolved the underlying claim and Civil Rule 54(B) is inapplicable. See Pacher v. Invisible Fence of Dayton
(April 5, 2002), Montgomery App. No. CA18989. As Civil Rule 54(B) is inapplicable, the final appealabilty of the Trespass Decision turns solely on R.C. 2505.02.
 {¶ 4} The only prong of R.C. 2505.02 that is potentially applicable in this case is R.C. 2505.02(B)(1) — "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." In this case there is nothing which prevents Appellant from obtaining a favorable judgment on appeal after the amount of damages are determined for the appropriation. Therefore, regardless of the trial court's inclusion of Civil Rule 54(B), neither the Necessary Decision nor the Trespass Decision are final appealable orders under R.C. 2505.02, and thus we cannot hear an appeal from them at this time. See Id.
 {¶ 5} Wherefore, Appellant's motion for reconsideration is DENIED.
SO ORDERED.