DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Lori Lashway, defendant below and appellee herein, in an eminent domain action brought by the Ohio Department of Transportation (ODOT), plaintiff below. John McHenry, defendant below and appellant herein, together with Candace McHenry and Lindsay School Apartments, L.L.C., third-party defendants below and appellants herein, assign the following errors for review: *Page 2 
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO CONSIDER THAT APPELLANT IS ENTITLED TO DAMAGES AS A RESULT OF THE TOTAL TAKING BY THE STATE OF OHIO OF HIS CONTRACTUAL RIGHTS AND INTERESTS."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO CONSIDER THAT APPELLANT IS ENTITLED TO DAMAGES AS A RESULT OF THE TOTAL TAKING BY THE STATE OF OHIO OF HIS REAL PROPERTY RIGHTS AND INTERESTS."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN INTERPRETING THE LAND CONTRACT BETWEEN APPELLANT (VENDOR THEREON) AND APPELLEE LORI LASHWAY (VENDEE THEREON)."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S [sic] DUE PROCESS IN FAILING TO GRANT MOTIONS TO STRIKE."
 {¶ 2} On April 9, 2004, appellee entered into a land installment contract (contract) to acquire approximately 1.4 acres of real estate that the McHenrys owned.[1] The parties agreed to a $200,000 purchase price to be paid with a $10,000 down payment and thereafter in monthly installments. Although the contract did not expressly forbid prepayment, and nor does there appear to be any penalty provision for prepayment, one of the clauses provides: *Page 3 
 "At the conclusion of 5 years from the commencement date of this Agreement, Buyers shall have the option of paying in total the remaining amount due on the principal balance owed to Sellers without penalty."
 {¶ 3} The contract further contained the following provision:
 "From and after the date of Sellers execution of this Contract, neither the destruction of or damage to the Premises, whether from fire or other cause, nor the taking of the Premises or any portion thereof in appropriation proceedings or by the right of eminent domain or by the threat of the same, shall release Buyers from any of Buyers obligations under this Contract; provided, however, that any awards made for a taking of the Premises shall belong to Sellers up to the amount of the unpaid balance of the Purchase Price and accrued interest to the date of such taking, and the amount of such award paid to Sellers shall be credited as payments under this Contract. Any excess award shall be paid to Buyers." (Emphasis added.)
 {¶ 4} ODOT decided to appropriate the property in 2006 and offered $220,900. After the offer was declined, ODOT commenced the instant action. Appellee and John McHenry were both named defendants, as were the Scioto County Treasurer and Auditor. However, neither Candace McHenry nor Lindsay School Apartments, L.L.C. were joined in the action. Appellee apparently later filed a third-party complaint to join them.[2]
 {¶ 5} On November 1, 2006, an agreed entry ordered the Clerk to disburse to the McHenrys $185,898.74 from the $220,000 that ODOT deposited at the outset. This amount represented payment in full of the McHenrys' interest and ODOT thereafter dismissed John McHenry as a party defendant. McHenry apparently had a change of *Page 4 
heart, however, and a month later filed a motion to intervene in the case. McHenry argued that he still had some interest in the property and was entitled to additional compensation.
 {¶ 6} Appellee requested summary judgment and argued that the McHenrys were paid in full and had no interest in the either the property or in the proceedings. She argued that any damages that exceeded the $220,000 offer belonged to her and the McHenrys had no claim to those monies. The McHenrys filed a memorandum contra and a cross-motion for summary judgment and argued that they were entitled to additional compensation in excess of the contract's balance.
 {¶ 7} After review, the trial court granted appellee's motion for summary judgment. In light of the plain language of section seven of the contract, the court concluded that the McHenrys had no claim to any damages beyond the payment of the principal balance that remained on the contract and any amount of damages in excess of the $220,000 would belong to appellee. This appeal followed.
 {¶ 8} Before we address the assignments of error on their merits, we first must resolve a threshold jurisdictional issue. Ohio courts of appeals possess jurisdiction to review final orders of inferior courts within their district. Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2501.02. A final order is one that, inter alia, affects a "substantial right" and in effect determines the action. R.C.2505.02(B)(1).[3]
 {¶ 9} If multiple parties are involved in an action, Civ.R. 54(B) also factors into *Page 5 
consideration. Civ.R. 54(B) allows a trial court to enter final judgment as to one or more, but fewer than all the parties, "only upon an express determination that there is no just reason for delay." When applicable, the requirements of this rule must be satisfied in order for a judgment to be deemed final and appealable. See State ex rel. Wright v. OhioAdult Parole Auth. (1996), 75 Ohio St.3d 82, 85, 661 N.E.2d 728;Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86,541 N.E.2d 64, syllabus. If a judgment is not final and appealable, an appellate court has no jurisdiction to review the matter and the appeal must be dismissed. Mtge. Electronic Registrations Sys. v. Mullins,161 Ohio App.3d 12, 2005-Ohio-2303, 829 N.E.2d 326, at]}]} 17; Prod. CreditAssn. v. Hedges (1993), 87 Ohio App.3d 207, 210, 621 N.E.2d 1360, fn. 2;Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501, 617 N.E.2d 701. In other words, appellate courts have no discretion or ability to ignore the fact that the lack of a final, appealable order deprives the appellate court of jurisdiction to consider an appeal.
 {¶ 10} In the case sub judice, the trial court's June 6, 2007 judgment anticipates further action (i.e. a jury trial) to determine the value of the property taken. Although that judgment appears to resolve the case insofar as the McHenrys are concerned, we note that the trial court made no Civ.R. 54(B) finding ("no just reason for delay.")[4] Accordingly, no final appealable order exists in the case sub judice and we must hereby dismiss this appeal. We hasten to add, however, that our decision should not be construed in any manner whatsoever as a comment on the underlying merits of the *Page 6 
issues for which appellants sought review.
APPEAL DISMISSED.[5]
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of
the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Unless otherwise noted, references to the "McHenrys" refers collectively to John McHenry, Candace McHenry and Lindsay School Apartments, L.L.C. Although not entirely clear from the record, Lindsay School Apartments, L.L.C. appears to be an apartment complex situated on the real estate in question.
[2] Appellee also apparently filed a cross-claim against McHenry. Although her answer, third-party complaint and cross-claim are referenced in other pleadings, they do not appear in the original papers, nor is there any note of them on the transcript of docket and journal entries.
[3] Like our colleagues in the Second District, we assume this case falls under the first prong of R.C. 2505.02(B). See Wyse v. AmeritechCorp., Montgomery App. No. 213, 71, 2006-Ohio-979, at ¶ 4. Without belaboring the point, few would dispute that the concept of eminent domain, and thus an eminent domain action, existed long before 1853. See R.C. 2505.01(A)(2) (definition of "special proceeding").
[4] We assume for the sake of argument that the trial court's judgment effectively ended the case insofar as the McHenrys are concerned, even though they were not formally dismissed from the case. If, in fact, the McHenrys still have an interest in the proceeding, this simply underscores the fact that the judgment being appealed is neither final nor appealable for purposes of R.C. 2505.02 and Civ.R. 54(B).
[5] When the case returns to the trial court, it is important for purposes of any future appeal, to ensure that appellee's answer, cross-claim and third-party claim are included in the record. *Page 1