DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court summary judgment in favor of Lori Lashway, defendant below and appellee herein, in an eminent domain action brought by the Ohio Department of Transportation (ODOT), plaintiff below. John McHenry, defendant below and appellant herein, together with Candace McHenry and Lindsay School Apartments, L.L.C., third-party defendants below and appellants herein, assign the following errors for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "THE TRIAL COURT ERRED IN FAILING TO CONSIDER THAT APPELLANT IS ENTITLED TO DAMAGES AS A RESULT OF THE TOTAL TAKING BY THE STATE OF OHIO OF HIS CONTRACTUAL RIGHTS AND INTERESTS."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FAILING TO CONSIDER THAT APPELLANT IS ENTITLED TO DAMAGES AS A RESULT OF THE TOTAL TAKING BY THE STATE OF OHIO OF HIS REAL PROPERTY RIGHTS AND INTERESTS."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN INTERPRETING THE LAND CONTRACT BETWEEN APPELLANT (VENDOR THEREON) AND APPELLEE LORI LASHWAY (VENDEE THEREON)."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S [sic] DUE PROCESS IN FAILING TO GRANT MOTIONS TO STRIKE."
 {¶ 2} On April 9, 2004, appellee entered into a land installment contract to acquire approximately 1.4 acres of real estate from the McHenrys.[1] The $200,000 agreed purchase price was to be paid with a $10,000 down payment and monthly installments. One contract clause provides:
 "At the conclusion of 5 years from the commencement date of this Agreement, Buyers shall have the option of paying in total the remaining amount due on the principal balance owed to Sellers without penalty."
The contract also contained the following: *Page 3 
 "From and after the date of Sellers execution of this Contract, neither the destruction of or damage to the Premises, whether from fire or other cause, nor the taking of the Premises or any portion thereof in appropriation proceedings or by the right of eminent domain or by the threat of the same, shall release Buyers from any of Buyers obligations under this Contract; provided, however, that any awards made for a taking of the Premises shall belong to Sellers up to the amount of the unpaid balance of the Purchase Price and accrued interest to the date of such taking, and the amount of such award paid to Sellers shall be credited as payments under this Contract. Any excess award shall be paid to Buyers." (Emphasis added.)
 {¶ 3} In 2006, ODOT decided to appropriate the property and offered $220,900. After that offer was declined, ODOT commenced the instant action. Appellee and John McHenry were both named defendants, as were the Scioto County Treasurer and Auditor, but neither Candace McHenry nor Lindsay School Apartments, L.L.C. were joined in the action. Appellee apparently later filed a third-party complaint to join them in the action.[2]
 {¶ 4} On November 1, 2006, an agreed entry ordered the Clerk to disburse to the McHenrys $185,898.74 from the $220,000 that ODOT deposited at the case's outset. This amount represented full payment to the McHenrys' for their interest and ODOT dismissed John McHenry as a party defendant. McHenry apparently had a change of heart, however, and later filed a motion to intervene in the case. McHenry *Page 4 
argued that he had some interest in the property and was entitled to additional compensation. Appellee then requested summary judgment and argued that (1) the McHenrys were paid in full and had no interest in the either the property or the proceedings, and (2) any damage award above the $220,000 belonged to her, not the McHenrys. In the McHenrys' memorandum in opposition and cross-motion for summary judgment, they argued that they were entitled to additional compensation above and beyond the balance of the contract.
 {¶ 5} The trial court granted appellee's motion for summary judgment. In light of the contract's plain language, the court concluded that (1) the McHenrys had no claim to any damages beyond payment of the principal balance remaining on the contract, and (2) any additional damages that the jury may award in excess of the $220,000 belongs to appellee.
 {¶ 6} The McHenrys appealed. We, however, dismissed the appeal for lack of a final order because (1) additional proceedings were clearly contemplated, and (2) the judgment did not include a Civ. R. 54(B) finding. See Ohio Department of Transportation v. McHenry, Scioto App. No. 07CA3169, 2008-Ohio-306 (McHenry I). While McHenry I was on appeal, appellee and ODOT reached a settlement as to the value of the property and payment for its appropriation. On September 11, 2007, the trial court issued a final judgment entry that distributed the proceeds. On March 31, 2008, subsequent to our decision in McHenry I, a "nunc pro tunc" judgment dismissed whatever remained of the case. This appeal followed. *Page 5 
 I {¶ 7} We jointly consider appellant's first, second and third assignments of error because they raise related issues and are dispositive of this appeal. The McHenrys assert that the trial court erred in granting appellee summary judgment because they have a property interest in the form of interest that they would have earned on the balance of the land contract for five years. By entering summary judgment against them, they conclude, the trial court deprived them of a property interest.
 {¶ 8} In the case sub judice, we believe that the trial court correctly decided this issue and we readily agree with its decision. As the court aptly noted, the contract explicitly provides that "any awards made for a taking of the Premises shall belong to the [McHenrys] up to the amount of the unpaid balance of the Purchase Price and accrued interest to the date of such taking, and the amount of such award paid to [the McHenrys] shall be credited as payments under this Contract. Any excess award shall be paid to [appellee]."
 {¶ 9} Pursuant to the contract, the McHenrys are entitled to appropriation proceeds up to the remaining principal due on the contract and accrued interest to the day of taking. They are not entitled to anything beyond that. The remainder of the proceeds go to the appellee.
 {¶ 10} This result does not arise from our interpreting or construing the contract; rather, we believe that this result arises from applying the contract's plain language. Here, the trial court correctly applied that language and dismissed the McHenrys once their interest was satisfied. For these reasons, we hereby overrule appellant's first, second and third assignments of error. *Page 6 
 II {¶ 11} In their fourth assignment of error, the McHenrys fault the trial court for not granting their motion to strike an ODOT memorandum filed during the summary judgment proceedings. They argue that ODOT should not interfere in their claims with appellee. We need not weigh into this matter, however, because any error is harmless. See Civ.R 61. Furthermore, in light of our affirmance of the summary judgment, this issue has been rendered moot. Accordingly, we hereby overrule appellant's fourth assignment of error.
 {¶ 12} Having considered all errors assigned and argued in the brief, and finding merit in none of them, the judgment of the trial court is affirmed.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Unless otherwise noted, references to the "McHenrys" refers collectively to John McHenry, Candace McHenry and Lindsay School Apartments, L.L.C. Though not entirely clear from the record, Lindsay School Apartments, L.L.C. appears to be an apartment complex situation on the real estate.
[2] Appellee also, apparently, filed a cross-claim against McHenry. Although her answer, third-party complaint and cross-claim are referenced in other pleadings, they do not appear in the original papers, nor is there any note of them on the transcript of docket and journal entries. *Page 1