[Cite as *Lucio v. Safe Auto Ins. Co.*, 188 Ohio App.3d 190, 2010-Ohio-2528.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LUCIO et al., | ) | |
| | ) | CASE NO.    10 MO 2 |
| APPELLEES, | ) | |
| | ) | |
| v. | ) | OPINION |
| | ) | AND |
| SAFE AUTO INSURANCE | ) | JUDGMENT ENTRY |
| COMPANY et al., | ) | |
| | ) | |
| APPELLANTS. | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court,
Case No. 2007-090.

JUDGMENT:                        Appeal dismissed.

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated:  June 1, 2010

James Peters, Richard Zurz, and Mark Ropchock, for appellees.

Richard Yoss, James Ferber, and Tracy Stott Pyles, for appellants.

Per Curiam.

{¶ 1} Defendants-appellants, Safe Auto Insurance Company and Safe Auto Insurance Group, Inc., have filed a timely appeal from the decision of the Monroe County Common Pleas Court granting summary judgment to plaintiffs-appellees, a class of sales representatives, on their claims of breach of contract and unjust enrichment. The issue before us is whether that judgment is final and appealable when it contains a method for calculating damages but a damage hearing is pending.

{¶ 2} For the following reasons, we hold that the trial court's order is not final and appealable due to the fact that damages have not yet been set, the steps remaining in the action are more than ministerial, and there is no indication that a further appeal will not arise regarding the facts relevant to the damage calculation.

STATEMENT OF THE CASE

{¶ 3} Appellees filed a complaint against Safe Auto setting forth claims of breach of contract and unjust enrichment. The contract claim was based upon Safe Auto's unilateral modification of a January 2004 Sales Representative Agreement ("SRA") by reducing commissions for both new and renewed policies. The unjust-enrichment claim was based on Safe Auto's retention of commissions on renewal policies written by former sales representatives.

{¶ 4} In October 2008, the trial court granted a request for class certification, defining the class as all sales representatives in the Monroe or Franklin County call centers after January 1, 1996 who had their commissions reduced. Safe Auto appealed

that decision pursuant to R.C. 2505.02(B)(5). In September 2009, this court affirmed the class-certification decision. *Lucio v. Safe Auto Ins. Co.*, 183 Ohio App.3d 849, 2009-Ohio-4816.

**{¶ 5}** Both sides sought summary judgment on the issue of liability. On March 12, 2010, the trial court denied Safe Auto's motion and granted appellees' motion in a 16-page judgment entry. The court found that Safe Auto breached the January 2004 SRA when it unilaterally restructured the renewal commissions in a January 19, 2004 interoffice memorandum and breached the January 1, 2005 SRA when it restructured the commissions for new policies in an August 2005 memo.

**{¶ 6}** The court found that appellees were entitled to the renewal commission of two percent on policies sold between the January 19, 2004 memo and the January 1, 2005 SRA. The court also found that appellees were entitled to two percent for quoting new policies and two percent for completing new policies from January 2004 SRA until the January 2006 SRA.

**{¶ 7}** On the unjust-enrichment claim, the court found that Safe Auto was unjustly retaining renewal commissions on policies whose original sales representatives were no longer employed by Safe Auto. The court noted that former representatives were not entitled to continued commissions under the terms of the contract. The court found, however, that the contract requires renewal commissions to be generated for the duration of the policies and that it is unjust for Safe Auto to retain the commissions instead of reassigning the policies to new agents.

**{¶ 8}** After entering summary judgment regarding this liability, the court then entered a discovery order applicable to the issue of damages. Thereafter, the hearing on damages was set for August 2, 2010.

**{¶ 9}** On April 9, 2010, Safe Auto filed a timely appeal from the trial court's March 12, 2010 entry of summary judgment. Although no damages order had been entered, Safe Auto suggested that the order was final under R.C. 2505.02(B)(1) and (B)(5).

**{¶ 10}** Appellees filed a motion to dismiss the appeal for lack of a final order. First, they argued that the order lacks Civ.R. 54(B) "no reason for delay" language and thus could not be appealed even if it qualified as a final order under R.C. 2505.02. In the alternative, appellees argued that the order was not final under R.C. 2505.02. As to (B)(1), they urged that a decision on liability does not determine the action or prevent judgment when damages are still pending. As to (B)(5), appellees argued that the court's order was not a determination that the action can be maintained as a class action, noting that the certification order had already been appealed under (B)(5).

**{¶ 11}** Safe Auto responded with a memorandum in opposition. As to appellees' first argument, Safe Auto disputed that Civ.R. 54(B) language is required, because the multiple-claim portion of the rule deals only with the situation where one claim has been finally decided and the other remains pending, whereas here both claims were partially ruled upon with the final relief on both claims pending. Safe Auto then reiterated its contention that the order is final under R.C. 2505.05(B)(5) because it found Safe Auto liable to a class.

{¶ 12} Safe Auto alternatively argued that the order was final under R.C. 2505.02(B)(1). In order to do so, Safe Auto employed the exception set forth in *State ex rel. White v. Cuyahoga Metro. Hous. Auth.* (1997), 79 Ohio St.3d 543. Safe Auto claimed that the only stage left in the case is disbursement, that the damage calculation has been set, that the application of the formula is mechanical and ministerial, that the damage computation will be costly, and that if we accept this appeal, the likelihood of another appeal after the finalization of damages is low.

{¶ 13} Thereafter, appellees filed a motion for sanctions pursuant to App.R. 23, alleging a frivolous appeal. This motion was mainly based upon Safe Auto's allegation that R.C. 2505.02(B)(5) applied and upon the lack of Civ.R. 54(B) language, which the trial court refused to add when asked by Safe Auto.

## CIV.R. 54(B)

{¶ 14} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, *if applicable*, Civ.R. 54(B) are met." (Emphasis added.) *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶15. There is a dispute here as to whether Civ.R. 54(B) is applicable.

{¶ 15} "*When more than one claim for relief is presented in an action* whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, *the court may enter final judgment as to one or more but fewer than all of the claims* or parties *only upon an express determination that there is no just reason for delay*. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.) Civ.R. 54(B).

{¶ 16} In a case holding that an order determining liability and damages was not final because the issue of prejudgment interest was still pending, the Supreme Court also held that Civ.R. 54(B) was inapplicable when the case does not involve an entry of judgment as to one or more but fewer than all the claims or parties. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, ¶10. See also *White*, 79 Ohio St.3d 543 (in questioning the finality of a finding of liability without damages, the Supreme Court did not discuss the absence of Civ.R. 54(B) language in the appealed entry).

{¶ 17} As Safe Auto argues, this is not a case where the court entered a judgment as to one or more but fewer than all of the claims or parties. The damages sought here were part of a claim for relief and were not a claim for relief themselves. See generally *Schneider v. Schaefer Landscape Design, Inc.*, 8th Dist. No. 85443, 2005-Ohio-4288, ¶3, 5; *Saint-Gobain/Norton Indus. Ceramics Corp. v. Parkhurst* (Dec. 30, 1994), 11th Dist. No. 94-G-1871 (damages are *not* separate and distinct claims for relief but are part of the remedy sought for the claim). See also *State ex rel. Butler Cty. Children Serv. Bd. v. Sage* (2002), 95 Ohio St.3d 23, 25 (order granting motion to compel discovery of allegedly privileged material is not subject to Civ.R. 54(B) as it does not dispose of a claim for relief).

{¶ 18} The plain language of Civ.R. 54(B) establishes that the rule is not applicable here. See *Wyse v. Ameritech Corp.*, 2d Dist. No. 21371, 2006-Ohio-979, ¶3 (Civ.R. 54(B) is inapplicable where the liability for one claim was resolved but damages had not been set). Thus, the finality of an order setting liability on two claims for relief but not setting damages on those claims is not subject to Civ.R. 54(B) but is subject only to R.C. 2505.02 and its relevant case law. Because the two claims are both at the same stage here, Civ.R. 54(B) does not apply as there is not one claim that has been disposed of and one claim that remains pending.

{¶ 19} Furthermore, "no just reason for delay" language merely transforms a final order into a final, appealable order. Civ.R. 54(B) (specifying that rule applies when the court enters a *final* judgment as to one but fewer than all of the claims); *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 354. Regardless of Civ.R. 54(B) language, if the order is not final under R.C. 2505.02, then the appeal must be dismissed as the appellate court lacks jurisdiction. *Gehm*, 112 Ohio St.3d 514, at ¶14-15. As will be demonstrated below, the entry appealed is not final.

## R.C. 2505.01(B)(1)

{¶ 20} One category of a final order that may be reviewed by the appellate court is:

{¶ 21} "An order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶ 22} An order disposing only of the liability issue affects a substantial right. *White*, 79 Ohio St.3d at 545. The question is whether it in effect determines the action and prevents a judgment. Id. The general rule is that an order determining liability but

not damages is not a final, appealable order. *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, ¶31; *White*, 79 Ohio St.3d at 546.

**{¶ 23}** There is an exception to this general rule. *White*, 79 Ohio St.3d at 546. A judgment not completely determining damages is final and appealable "where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains." Id. Thus, if "only a ministerial task similar to executing a judgment or assessing costs remains" and there is a low possibility of disputes concerning the class members' individual claims, the order can be appealed without waiting for performance of that ministerial task. Id.

**{¶ 24}** For instance, a judgment awarding a fixed amount of damages to a class can be appealed even if the court still needs to split the award among the class members. *Boeing Co. v. Van Gemert* (1980), 444 U.S. 472, 479-480. It has also been stated that a grant of summary judgment that states that the plaintiff should receive the amount set forth in the complaint and other pleadings is appealable because it is a ministerial act to implement the judgment. *U.S.A. v. Brook Contracting Corp.* (C.A.3, 1985), 759 F.2d 320, 323. Moreover, a sentencing entry assessing costs against a criminal defendant is final and appealable even though the exact amount of costs has not been stated as this is a ministerial task of the clerk. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶19-21.

**{¶ 25}** On the other hand, a judgment determining liability and damages but not yet ruling on the issue of prejudgment interest does not fall under the ministerial act exception, as judicial fact-finding and the exercise of discretion are still required. *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, ¶7. In so

holding, the Supreme Court found prejudgment interest to be more akin to damages than costs.  Id.

{¶ 26} Furthermore, a judgment in favor of a class of government employees did not fall under the ministerial-act exception even when the judgment ordered that the government agency do all of the following:  credit current employees with their prior Ohio experience; award current employees back vacation time from six years prior to the commencement of the action and defined back vacation time; permit current employees to use back vacation time; pay damages equivalent to back vacation time to employees who left during the pendency of the action; prepare information necessary to calculate and verify the relief granted to individual class members including vacation policies, dates of employment, and vacation time allotted to each class member.  *White*, 79 Ohio St.3d at 544, 547.  The Ohio Supreme Court held that it was not evident that only a ministerial task similar to executing a judgment or assessing costs remained and found that subsequent appeals were not necessarily unlikely.  Id. at 546.  Thus, the court ruled that the judgment, which did not specify damages, did not determine the action or prevent a judgment, and the court dismissed the appeal for lack of a final, appealable order.  Id. at 547.

{¶ 27} The *White* and *Miller* cases are more akin to the case before us than the *Boeing* or *Threatt* cases.  In the *Threatt* case, all that remained was for court costs to be calculated *by the clerk*.  Unlike the *Boeing* case, a total damage award was not entered against the defendant here.

{¶ 28} Although the trial court's summary-judgment order outlines a type of damage formula, none of the numbers needed to complete the formula can be obtained

from the record in the case. This factor distinguishes the case from *Brook* and from another case Safe Auto cites, *Hattersley v. Bollt* (C.A.3, 1975), 512 F.2d 209.

{¶ 29} Safe Auto also relies on a Seventh Circuit case which found that damages were merely ministerial when the trial court ordered the state to reimburse parents who had been charged for the state's housing of their disabled children but when the damage award had not yet been calculated. See *Parks v. Pavkovic* (C.A.7, 1985), 753 F.2d 1397 (stating that the parents merely had to submit receipts). We note that the *Parks* court did not appear entirely confident in their holding, as they stated: "The line between the ministerial and the substantial is a very dim one, but we think this case falls on the ministerial side, if barely. * * * Even if we are wrong in thinking that the order to pay is a final, appealable order, we can review it in conjunction with the state's appeal of the permanent injunction." Id. In any event, this federal case is not binding in Ohio.

{¶ 30} The remaining duties of the court here are not similar to assessing predetermined costs or executing a judgment. See *White*, 79 Ohio St.3d at 546. See also *Budinich v. Becton Dickinson Co.* (1988), 486 U.S. 196, 198 (stating that to be final the order must end the litigation on the merits and leave nothing to do but execute the judgment). They are similar to the duties remaining in the Supreme Court's *White* case.

{¶ 31} Notably, in *White,* a method for arriving at damages was provided that could be applied after certain information was collected that would provide concrete numbers. Still, the court found that the order was not subject to the ministerial-act exception. Here, evidence must similarly be presented regarding each class member's status and entitlement. The case is set for hearing in August. There is no indication of

the number of policies and renewals affected.  Evidence must be presented on the amount of the premiums for the policies and for the renewals.

{¶ 32} There may also be disputes over which policies are those of the former employees.  The trial court noted that Safe Auto does not provide the name of the original sales agent on the face of the policy.  The trial court may be required to engage in judicial fact-finding at the damages hearing to resolve disputes on this topic in order to arrive at the proper figures to set the damage award.  See *Miller*, 113 Ohio St.3d 474, at ¶7.

{¶ 33} Finally, we cannot say that an appeal from the damage stage is necessarily unlikely.  See *White*, 79 Ohio St.3d at 546.  Judicial economy is better served by waiting until final resolution of the damages issue.  See *Miller*, 113 Ohio St.3d 474, at ¶8 (responding to appellant's judicial-economy argument by noting that judicial economy will be promoted only if appellant ended up winning on appeal and noting that if they lost on appeal, remand for completion of the case would still be required).

{¶ 34} Under the totality of circumstances existing in this case, we conclude that the trial court's order is not subject to the ministerial-act exception.  Consequently, we apply the general rule that an order that does not completely issue a damage award is not final.  Thus, the March 12, 2010 entry of summary judgment on the issue of liability is not final and appealable.

## R.C. 2505.01(B)(5)

{¶ 35} Safe Auto also alleges that the trial court's order is final under R.C. 2505.02(B)(5), which provides that an order is final if it "determines that an action may or may not be maintained as a class action."  As aforementioned, Safe Auto already

utilized this exception to obtain this court's review of the trial court's October 20, 2008 decision granting class certification.  See *Lucio v. Safe Auto Ins. Co.*, 183 Ohio App.3d 849, 2009-Ohio-4816 (affirming the trial court's certification decision).

**{¶ 36}** Once this decision is made, further interlocutory decisions in the case do not become final because the case is a class action.  The plain language of R.C. 2505.02(B)(5) is that only the order that determines that the action can be maintained as a class action can be appealed, not subsequent orders that apply to the class after certification.

**{¶ 37}** The March 12, 2010 order granting summary judgment on the issue of liability is not a determination that the action can be maintained as a class action (which decision had already been made in October 2008).  Thus, Safe Auto's argument regarding the application of R.C. 2505.02(B)(5) is wholly without merit.

**{¶ 38}** This appeal is dismissed for lack of a final, appealable order.  Appellees' motion for sanctions pursuant to App.R. 23 is denied.  Costs taxed against appellants.

Appeal dismissed.

VUKOVICH, P.J., and DONOFRIO and WAITE, JJ., concur.