[Cite as *William Powell Co. v. Onebeacon Ins. Co.*, 2014-Ohio-3013.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

THE WILLIAM POWELL COMPANY,   :      APPEAL NO. C-130681
TRIAL NO. A-1109350

     Plaintiff-Appellee,     :

     vs.     :      *O P I N I O N.*

ONEBEACON INSURANCE
COMPANY,     :

     :

     Defendant-Appellant,     :

     and     :

FEDERAL INSURANCE COMPANY,     :

     Defendant-Intervenor.     :

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  July 9, 2014

*Vorys, Sater, Seymour, and Pease LLP*, *Daniel J. Buckley, Robert C. Mitchell* and *Joseph M. Brunner*, for Plaintiff-Appellee,

*Davis & Young* and *Richard M. Garner*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1} Defendant-appellant OneBeacon Insurance Company ("OneBeacon") appeals the decision of the trial court granting partial summary judgment in favor of plaintiff-appellee The William Powell Company ("Powell"). We cannot reach the merits of OneBeacon's two assignments of error, because we have no jurisdiction to hear the appeal, and we must, therefore, dismiss it.

{¶2} Powell is a manufacturer of industrial valves that historically had included one or more components made of asbestos. It has been involved in asbestos litigation all over the country for a number of years. Between 1960 and 1977, Powell carried liability insurance under a series of primary and excess policies issued by OneBeacon's predecessor.

{¶3} Powell filed a complaint seeking a declaratory judgment of its rights under the policies. OneBeacon filed a counterclaim in which it also asked the court to declare the parties' rights under the policies. Subsequently, Powell filed a motion for partial summary judgment in which it argued that (1) it had proved the existence and terms of several missing policies; (2) all the policies, both primary and excess, contained annualized limits of liability; (3) the stub periods (a period of coverage beyond a full year's coverage) in three of the policies contained full annual limits; (4) the asbestos exposures and resulting claims constituted multiple occurrences under the policies; and (5) Powell had a right to direct the allocation of indemnity and settlement payments to its policies.

{¶4} OneBeacon also filed a motion for summary judgment. Its overriding argument was that the asbestos claims against Powell were caused by a single occurrence. It also argued that if the court found that there were multiple

occurrences, Powell was not entitled to aggregate annualized limits under the existing policies, the missing policies, or any stub periods in the policies, and that the annual aggregate limits for the 1972-1975 primary and excess policies had been impaired or exhausted.

{¶5} In its decision granting Powell's motion in part and denying OneBeacon's motion, the trial court specifically stated that "[t]he dispute involves three questions: 1) whether the aggregate limitation of liability applies annually or for the term; 2) what constitutes an 'occurrence'; and 3) whether Plaintiff can direct the allocation of funds." The court decided the first two issues in Powell's favor. As to the allocation issue, the court found that issues of fact existed that precluded summary judgment.

{¶6} In an "Order Granting and Denying Motions for Summary Judgment," the court stated that OneBeacon's motion for summary judgment was denied in all respects. It stated that Powell's motion for summary judgment "will be, and hereby is, granted in all respects except on the issue of allocation, which the court reserves for further proceedings[.]" The court then added that "there is no just reason for delay" under Civ.R. 54(B). OneBeacon has appealed from that judgment.

{¶7} The Ohio Constitution limits an appellate court's jurisdiction to the review of final, appealable orders. *Hooten v. Safe Auto Ins. Co.*, 1st Dist. Hamilton No. C-061065, 2007-Ohio-6090, ¶ 10. An order is final and appealable only if it meets the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable. *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus; *Icon Constr., Inc. v. Statman, Harris, Siegel & Eyrich, LLC*, 1st Dist. Hamilton No. C-090458, 2010-Ohio-2457, ¶ 7. Civ.R. 54(B) certification cannot transform a nonfinal order into an appealable order. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354, 617

N.E.2d 1136 (1993); *MRK Ents. v. Rochester*, 1st Dist. Hamilton No. C-990819, 2000 Ohio App. LEXIS 3600, *5 (Aug. 11, 2000).

{¶8}   R.C. 2505.02(B)(2) provides that an order "that affects a substantial right made in a special proceeding" is a final order.  A declaratory judgment action is a special proceeding.  *Gen Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989), paragraph two of the syllabus; *Konold v. R.W. Sturge, Ltd.*, 108 Ohio App.3d 309, 311, 670 N.E.2d 574 (1st Dist.1996).

{¶9}   A substantial right is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."  R.C. 2505.02(A)(1).  An order affects a substantial right if, in the absence of an immediate appeal, it forecloses appropriate relief in the future.  *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993); *Konald* at 311.

{¶10}  When a trial court enters a judgment in a declaratory-judgment action, the order must declare all of the parties' rights and obligations to constitute a final, appealable order.  The trial court does not fulfill its function if it does not construe the documents at issue.  *Midwestern Indem. Co. v. Nierlich*, 8th Dist. Cuyahoga No. 92526, 2009-Ohio-3472, ¶ 8; *Owner Operators Indep. Drivers Risk Retention Group v. Stafford*, 3d Dist. Marion No. 9-06-65, 2007-Ohio-3135, ¶ 10.  A judgment entry that does not completely construe the documents is not a final, appealable order even though the entry contains Civ.R. 54(B) language.  *Midwestern Indem. Co.* at ¶ 9.

{¶11}  In this case, the trial court did not grant summary judgment on the issue of allocation.  The court relied on *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, in which the Ohio

Supreme Court discussed the issue of allocation "which deals with the apportionment of a covered loss across multiple triggered insurance policies." *Id.* at ¶ 5. It stated that "[t]he issue of allocation arises in situations involving long-term injury or damage, such as environmental cleanup claims where it is difficult to determine which insurer must bear the loss." *Id.*

{¶12} The Supreme Court explained:

There are two accepted methods for allocating coverage. One approach, favored by Goodyear, permits the policyholder to seek coverage from any policy in effect during the time period of injury or damage. This "all sums" approach allows Goodyear to seek full coverage for its claims from any single policy, up to that policy's coverage limits, out of the group of policies that has been triggered. In contrast, the insurers urge us to apply the pro rata allocation scheme implicitly adopted by the court of appeals. Under the pro rata approach, each insurer pays only a portion of a claim based on the duration of the occurrence during its policy period in relation to the entire duration of the occurrence. It divides "a loss 'horizontally" among all triggered policy periods, with each insurance company paying only a share of the policyholder's total damages.

(Citation omitted.) *Id.* at ¶ 6.

{¶13} The Supreme Court stated that the starting point for determining the scope of coverage was the language of the insurance policies. *Id.* at ¶ 7. After examining the policies in question, the court held that "[w]hen a continuous occurrence of environmental pollution triggers claims under multiple primary insurance policies, the insured is entitled to secure coverage from a single policy of

its choice that covers 'all sums' incurred as damages 'during the policy period,' subject to that policy's limit of coverage." *Id.* at paragraph one of the syllabus.

{¶14} In ruling on the allocation issue, the trial court stated:

Under the authority of *Goodyear*, generally an "all sums" approach would apply. OneBeacon argues however, that Plaintiff cannot retroactively apply this approach. It argues that Plaintiff has been operating under a "pro rata" approach and cannot now apply a different method. The Court finds that questions of fact exist precluding either party from summary judgment at this point.

{¶15} The determination of the allocation of coverage is akin to a determination of damages. In *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, syllabus, the Ohio Supreme Court held that "[a]n order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding." Therefore, that order is not a final, appealable order even if it includes a Civ.R. 54(B) certification. *Id.* at ¶ 4.

{¶16} The court pointed out that unlike a case that involves a duty to defend which does affect a substantial right, when a determination is made that an insured is entitled to coverage, the insurer is obligated to pay only if the insured is awarded damages. *Id.* at ¶ 26. The court further stated that "even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed." *Id.* at ¶ 31, quoting *Noble*, 44 Ohio St.3d at 96, 540 N.E.2d 1381.

{¶17} Similarly, in this case there is a determination of liability, but not a determination of how much will be paid out of each insurance policy. The results

6

will differ dramatically depending on whether the trial court applies the "vertical" all-sums approach or the "horizontal" pro-rata approach. The trial court has not decided any claim in its entirety, but has instead partially decided all the claims. *See Lucio v. Safe Auto Ins. Co.*, 188 Ohio App.3d 190, 2010-Ohio-2528, 935 N.E.2d 53, ¶ 16-17 (7th Dist.).

{¶18} Consequently, the court has not completely declared the rights of the parties under the insurance policies at issue. Further, the absence of an appeal would not foreclose relief in the future. Therefore, the trial court's judgment does not affect a substantial right made in a special proceeding. It is not a final, appealable order under R.C. 2505.02, and this court does not have jurisdiction to hear the appeal. *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 20, 540 N.E.2d 266; *Empower Aviation, LLC v. Butler Cty. Bd. of Commrs.*, 185 Ohio App.3d 477, 2009-Ohio-6331, 924 N.E.2d 862, ¶ 9 (1st Dist.). Consequently, we have no choice but to dismiss the appeal, and the appeal is hereby dismissed.

*Appeal dismissed.*


HENDON, P.J., concurs.
DEWINE, J., concurs separately.

DEWINE, J., concurring separately.

{¶19} Although I agree with the majority that the appeal must be dismissed for lack of a final, appealable order, I arrive there by a somewhat different path.

{¶20} As the majority points out, to be final and appealable an order must meet the requirements of R.C. 2505.02(B) and, if applicable, Civ.R. 54(B). There are two provisions of 2505.02(B) that merit consideration here: R.C. 2505.02(B)(1) and 2505.02(B)(2).

7

{¶21} To meet the requirements of R.C. 2505.02(B)(1), an order must "affect[] a substantial right in an action that in effect determines the action and prevent[] a judgment." On its face, the trial court's order does not fall within R.C. 2505.02(B)(1) because it does not determine the action. The trial court left other issues to be decided.

{¶22} The trial court's inclusion of Civ.R. 54(B) language does not overcome this deficiency. Civ.R. 54(B) only allows a court to enter "final judgment as to one or more but fewer than all of the *claims* or *parties*." (Emphasis added.) Here, the court's order does not purport to enter judgment as to one or more claims or parties. Powell filed a complaint for declaratory judgment. As amended, the complaint included six "claims for relief." Each claim for relief sought a declaration of rights under specifically enumerated insurance policies. (For example, the first claim sought a declaration of rights under policies CG249982 and CG304557.) The decision issued by the trial court didn't decide any of Powell's claims; that is, it didn't fully declare the parties' rights under any of the enumerated policies. Rather, the court decided certain issues and left others to be decided later.

{¶23} There is no provision in Civ.R. 54(B) that allows a court to enter judgment as to issues. Rather, the court can only enter judgment under Civ.R. 54(B) as to "claims or parties." Thus, the certification is of no effect. And because the order did not determine the action, it is not final under R.C. 2505.02(B)(1).

{¶24} An order that does not meet the requirements for finality under R.C. 2505.02(B)(1) may still be final under R.C. 2505.02(B)(2). That provision applies to an order that affects "a substantial right made in a special proceeding." An order affects a substantial right if it has immediate consequences, *Walburn v. Dunlap,* 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 24, or if appropriate relief in the

future would be foreclosed in the absence of an immediate appeal. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). Here, there are no immediate consequences of the court's order, and appropriate relief may be obtained by way of appeal upon the trial court's conclusion of the case. As a result, a substantial right is not affected, and the order is not final under R.C. 2505.02(B)(2).

**{¶25}** For these reasons, I concur with the decision to dismiss the case for lack of jurisdiction.

**Please note:**

    **The court has recorded its own entry on the date of the release of this opinion.**