WALBURN ET AL., APPELLEES, *v.* DUNLAP ET AL.; NATIONAL UNION FIRE

INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, APPELLANT.

[Cite as *Walburn v. Dunlap,* 121 Ohio St.3d 373, 2009-Ohio-1221.]

*Appellate procedure — Final orders — Declaratory judgment on liability not appealable while issue of damages is pending.*

(Nos. 2007-2150 and 2007-2302 — Submitted November 18, 2008 — Decided March 24, 2009.)

APPEAL from and CERTIFIED by the Court of Appeals for Vinton County, No. 06CA655, 2007-Ohio-5398.

_____

SYLLABUS OF THE COURT

An order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding.

_____

LUNDBERG STRATTON, J.

{¶ 1} We are asked to determine whether an order granting partial summary judgment that declares that an insured is entitled to coverage, but does not decide whether the insured is entitled to damages, is a final, appealable order even when the trial court includes a Civ.R. 54(B) determination of no just reason for delay.

{¶ 2} In addition, upon review of an order by the Fourth District Court of Appeals, we determined that a conflict exists and ordered that the parties brief the following issue:

**{¶ 3}** "In a case involving multiple claims, is a judgment in the declaratory judgment action a final appealable order when the trial court finds that an insured is entitled to coverage, includes a Civ.R. 54(B) certification, but does not address the issue of damages?"

**{¶ 4}** We hold that an order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding. See *Gen. Acc. Ins. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266. Therefore, our answer to the certified question is no. In a case involving multiple claims, a judgment in a declaratory judgment action is not a final, appealable order when the trial court finds that an insured is entitled to coverage but has not addressed the issue of damages, even though the order includes a Civ.R. 54(B) certification.

**{¶ 5}** Plaintiff-appellee Styrk Walburn was a passenger in a motor vehicle driven by Charles W. Billingsley when it collided with a vehicle driven by Wendy Sue Dunlap on January 23, 2001. At the time of the accident, Walburn was in the scope and course of his employment.

**{¶ 6}** On January 23, 2003, plaintiffs-appellees, Styrk and Betty Walburn, filed a complaint against Wendy Sue Dunlap for negligent operation of a motor vehicle that resulted in injuries to Styrk Walburn. They included a claim for the loss of consortium of Betty Walburn. Because Dunlap was uninsured, the Walburns also asserted claims for uninsured- or underinsured-motorist ("UM") coverage under their own liability insurance policy from Ohio Mutual Insurance Group and under insurance policies issued by appellant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), to Walburn's employer. The Walburns requested an order determining the rights and responsibilities of the parties. The prayer for relief demanded an award of damages.

2

**{¶ 7}** The plaintiffs and National Union filed cross-motions for summary judgment on the issue of the availability of UM coverage. On August 28, 2006, the trial court granted plaintiffs' motion for partial summary judgment, denied National Union's motion, and ordered that plaintiffs were entitled to UM coverage under the National Union policies. The judgment entry stated, "This is a Final and Appealable order. The Court finds there is no just cause for delay."

**{¶ 8}** National Union asked the trial court to reconsider its judgment, in part on the basis that it was not a final, appealable order, because the entry did not terminate the action or resolve all the claims against all parties. National Union also filed a notice of appeal with the Fourth District Court of Appeals ("*Walburn I*"). The trial court granted the motion for reconsideration and vacated the August 28, 2006 judgment. In response, National Union moved the court of appeals to dismiss its appeal. The court granted National Union's motion to dismiss.

**{¶ 9}** The plaintiffs again filed a motion for summary judgment in the trial court on the issue of Wendy Sue Dunlap's liability and their entitlement to UM coverage from National Union. The trial court granted partial summary judgment again to the plaintiffs on December 12, 2006. The judgment entry, almost identical to the August 28, 2006 entry, again stated that it was a final, appealable order and that there was no just cause for delay.

**{¶ 10}** National Union filed a notice of appeal from the December 12 judgment entry ("*Walburn II*"). The court of appeals raised concerns about the finality of the August 28, 2006 entry and ordered the parties to brief the issue of the court's jurisdiction over the December 12, 2006 entry. The court of appeals subsequently dismissed *Walburn II* for lack of jurisdiction. The appellate court concluded that the August 28, 2006 order was a final, appealable order under R.C. 2505.02(B)(2) because it was an order that affected a substantial right made in a special proceeding and the trial court had included a Civ.R. 54(B) certification that there was no just reason for delay. 2007-Ohio-5398 at ¶ 10. The court of

appeals also held that the trial court had lacked jurisdiction to reconsider and vacate the August 28 final order. Thus, when National Union voluntarily dismissed *Walburn I*, the court held, its right to appeal was terminated. Id. at ¶ 12.

{¶ 11} The Fourth District Court of Appeals certified that its decision was in conflict with decisions by the Second, Ninth, and Tenth District Courts of Appeals in *Beheshtaein v. Am. States Ins. Co*., Montgomery App. No. 20839, 2005-Ohio-5907; *Walter v. Allstate Ins. Co*., Summit App. No. 21032, 2002-Ohio-5775; and *Tinker v. Oldaker*, Franklin App. Nos. 03AP-671 and 03AP-1036, 2004-Ohio-3316.

{¶ 12} We determined that a conflict exists and ordered that the parties brief the issue. This cause is also before us on National Union's discretionary appeal.

{¶ 13} "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am*., 44 Ohio St.3d at 20, 540 N.E.2d 266. "An appellate court, when determining whether a judgment is final, must engage in a two-step analysis. First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required." Id. at 21.

{¶ 14} In this case, the court of appeals applied R.C. 2505.02(B)(2), which provides, "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is * * * [a]n order that affects a substantial right made in a special proceeding * * *." The court determined that the trial court's August 28, 2006 order was a final order because it was a declaratory judgment that decided insurance coverage, thus affecting a substantial right of National Union, citing *Gen. Acc. Ins. Co.* Because the trial

court added a Civ.R. 54(B) certification, the order became final and appealable, according to the court of appeals.

{¶ 15} We must first determine whether the August 28, 2006 order is a final order under R.C. 2505.02(B)(2). The answer depends upon whether this case falls within the dictates of *Gen. Acc.* or, as National Union contends, neither the August 28, 2006 order nor the December 12, 2006 order is a final order because they were not orders that affected a substantial right made in a special proceeding.

{¶ 16} *Gen. Acc.* was an action for declaratory judgment in which the plaintiff insurance company asked the trial court to declare that the defendants Insurance Company of North America ("INA") and National Union had a duty to defend and indemnify in a companion tort case. INA filed a counterclaim for a declaration that it did not have a duty to defend and also requested that General Accident be required to reimburse the $1 million that INA had contributed to General Accident's settlement of the underlying action. The trial court issued an order that INA had no duty to defend and included a Civ.R. 54(B) certification that there was no just reason for delay. General Accident appealed. INA moved to dismiss for lack of a final, appealable order. The court of appeals dismissed the action.

{¶ 17} In *Gen. Acc.,* we held that a declaratory judgment was a special proceeding and that the duty to defend involves a substantial right to both the insured and the insurer. Thus, the trial court's judgment was a final order under R.C. 2505.02 because it was "an order that affects a substantial right made in a special proceeding."[1] We reasoned that although there were other pending claims, the trial court had made a Civ.R. 54(B) determination that there was no just reason for delay, and thus, the order was a final, appealable order.

---

1. *Gen. Acc.* applied a former version of R.C. 2505.02. 1986 Am.Sub.H.B. No. 412, 141 Ohio Laws, Part II, 3597.

**{¶ 18}** First, National Union contends that this declaratory judgment is not a special proceeding for purposes of R.C. 2505.02(B)(2). National Union argues that when an insured's demand for declaratory relief is made in the context of, and inextricably intertwined with, the insured's action for breach of contract, an order that declares that coverage exists is part of the underlying breach-of-contract action and not made in a special proceeding.

**{¶ 19}** In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, we considered the question of what constitutes a final order in a special proceeding. We held, "Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuit to R.C. 2505.02." Id. at syllabus. We later clarified that "[i]t is the underlying action that must be examined to determine whether an order was entered in a special proceeding." *Walters v. Enrichment Ctr. of Wishing Well, Inc*. (1997), 78 Ohio St.3d 118, 121-122, 676 N.E.2d 890.

**{¶ 20}** On the other hand, "[d]eclaratory judgment actions are a special remedy not available at common law or at equity." *Gen. Acc.*, 44 Ohio St.3d at 22, 540 N.E.2d 266. This definition has since been codified in R.C. 2505.02(A)(2): " 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."

**{¶ 21}** Here, the Walburns sought a declaration of the parties' rights and responsibilities as they pertain to UM coverage for the Walburns' claims. Under *Gen. Acc.* and R.C. 2505.02(A)(2), this is a declaratory judgment action that is a special proceeding for purposes of R.C. 2505.02(B)(2).

**{¶ 22}** However, this conclusion does not end the analysis. Next, we must determine whether an order that declares that an insured is entitled to UM coverage but does not address damages affects a substantial right for purposes of R.C. 2505.02(B)(2). Since *Gen. Acc.*, R.C. 2505.02(A)(1) has been added to

define "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."

{¶ 23} National Union contends that an order that declares that an insured is entitled to insurance coverage but does not rule on whether the insured is entitled to damages does not affect a substantial right. National Union cites the conflict case *Tinker v. Oldaker*, Franklin App. Nos. 03AP-671 and 03AP-1036, 2004-Ohio-3316, in which the Tenth District Court of Appeals concluded that an order that entitled an insured to UM coverage but did not decide damages did not affect a substantial right and was not a final order.

{¶ 24} In *Gen. Acc.,* we held that the duty to defend involves a substantial right to both the insured and the insurer. 44 Ohio St.3d 17, 540 N.E.2d 266, at paragraph one of the syllabus. We discussed the immediate consequences to both the insured and the insurer of a decision regarding the duty to defend. If an insurer mistakenly refuses to defend its insured, that insurer is liable for the costs of defending its insured in the initial litigation and of defending itself in a subsequent action by its insured. On the other hand, the insurer may incur substantial costs if wrongfully required to defend an insured in a case that a court may later hold was not within the terms of the policy. Id. at 21.

{¶ 25} Likewise, an insured, when not provided a defense, may have to choose a quick settlement over costly litigation, file a separate declaratory judgment action against the insurer, or incur great expense defending without insurance. Id. at 22. Because the duty to defend was of great importance to both the insured and the insurer, we concluded that it involved a substantial right. Id.

{¶ 26} A declaration that an insured is entitled to UM coverage presents a different scenario. Here, the court ordered that National Union must provide UM coverage. However, the Walburns must still establish their damages in order to receive the UM benefits. National Union is obligated to pay the Walburns only if

they are awarded damages. Thus, a declaration that an insured is entitled to coverage but does not address damages does not affect a substantial right as that term is defined in R.C. 2505.02(A)(1).

{¶ 27} Cases in which an insured seeks both a defense and indemnification are controlled by *Gen. Acc.* This case, however, involves only the insured's entitlement to coverage and does not involve a duty to defend. While a decision regarding the duty to defend immediately affects a substantial right of the insured or insurer, a decision that an insured is entitled to UM coverage, without a determination of damages, does not. Consequently, we hold that an order that declares that an insured is entitled to UM coverage but does not determine damages does not affect a substantial right for purposes of R.C. 2505.02(B)(2). The August 28, 2006 judgment entry in this case did not affect a substantial right made in a special proceeding and, therefore, was not a final order as defined in R.C. 2505.02(B)(2).

{¶ 28} The conflict cases recognized this distinction. In *Tinker v. Oldaker*, Franklin App. Nos. 03AP-671 and 03AP-1036, 2004-Ohio-3316, the plaintiffs were injured in a motor vehicle accident caused by Christy Oldaker. Their complaint arguably sought a declaration that they were entitled to UM coverage from the company that insured Mr. Tinker's employer and for an award of damages. Id., ¶ 12, fn. 2. The trial court ordered that the plaintiffs were entitled to UM coverage but did not address damages. The appellate court in *Tinker* concluded that there was no final, appealable order. "[E]ven assuming the order was rendered in a special proceeding, it did not 'affect' a substantial right." Id. at ¶ 14.

{¶ 29} In *Walter v. Allstate Ins.*, Summit App. No. 21032, 2002-Ohio-5775, the plaintiffs sought a declaration that they were entitled to UM coverage under their personal automobile policy for damages that Mary Walter sustained in a collision with another vehicle. The trial court granted summary judgment on the

8

issue of UM coverage, but did not decide damages. ¶ 6. The Ninth District Court of Appeals determined that an order determining liability but deferring the issue of damages was not a final order. ¶ 10.

{¶ 30} In *Beheshtaein v. Am. States Ins. Co.*, Montgomery App. No. 20839, 2005-Ohio-5907, the Second District Court of Appeals concluded that despite the order's Civ.R. 54(B) certification, the summary judgment on the issue of insurance coverage was interlocutory because other issues involving damages and priority of coverage had not yet been resolved. ¶ 2.

{¶ 31} Because this was not a final order, the Civ.R. 54(B) determination of no just reason for delay was of no effect. See *Gen. Acc.*, 44 Ohio St.3d at 21, 540 N.E.2d 266. "As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed." *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. A trial court's use of such language does not convert an otherwise nonfinal order into a final, appealable order. Id.

{¶ 32} Consequently, we answer no to the certified question. We hold that in a case involving multiple claims, a judgment in a declaratory judgment action is not a final, appealable order when the trial court finds that an insured is entitled to coverage but has not addressed the issue of damages, even though the order includes a Civ.R. 54(B) certification.

{¶ 33} The trial court again granted partial summary judgment to the Walburns on the issue of UM coverage under the National Union policy on December 12, 2008. Even though the trial court had included a Civ.R. 54(B) determination in both the August 28, 2006 and the December 12, 2006 orders, because the trial court had not yet determined the issue of damages, neither judgment entry was a final, appealable order, and the parties' rights to appeal have not yet attached.

**{¶ 34}** Consequently, we reverse the judgment of the court of appeals, and we remand this matter to the trial court for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

MOYER, C.J., and O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents and would dismiss the cause as having been improvidently accepted and certified.

_____

Agee, Clymer, Mitchell & Laret and C. Russell Canestraro, for appellees.

Janik, Dorman & Winter, L.L.P., Steven G. Janik, and Christopher Van Blargan, for appellant.

_____