Lanzinger, J.,
dissenting.
{¶ 18} In holding that Civ.R. 54(B) has no application to an order denying immunity to a political subdivision or its employee when multiple claims or multiple parties are involved, the majority does not even quote the language of the procedural rule. Civ.R. 54(B) states: “When more than one claim for relief is *87 presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.” (Emphasis added.) Use of the words “no just cause for delay” signals the transformation of a final order into a final appealable order. Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. Wisintainer’s explanation of the rule is helpful:
{¶ 19} “As this court has held in the past, the phrase ‘no just reason for delay’ is not a mystical incantation which transforms a nonfinal order into a final appealable order. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order.
{¶ 20} “In deciding that there is no just reason for delay, the trial judge makes what is essentially a factual determination — whether an interlocutory appeal is consistent with the interests of sound judicial administration, ie., whether it leads to judicial economy. Trial judges are granted the discretion to make such a determination because they stand in an unmatched position to determine whether an appeal of a final order dealing with fewer than all of the parties in a multiparty case is most efficiently heard prior to trial on the merits. The trial court can best determine how the court’s and the parties’ resources may most effectively be utilized. The trial court is most capable of ascertaining whether not granting a final order might result in the case being tried twice. The trial court has seen the development of the case, is familiar with much of the evidence, is most familiar with the trial court calendar, and can best determine any likely detrimental effect of piecemeal litigation. More important than the avoidance of piecemeal appeals is the avoidance of piecemeal trials. It conserves expense for the parties and clarifies liability issues for jurors when cases are tried without ‘empty chairs.’ ” (Emphasis sic.) Id. at 354-355, 617 N.E.2d 1136.
{¶ 21} In Walburn v. Dunlap, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, at ¶ 13, we recently explained, “ ‘It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction.’ Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. [1989], 44 Ohio St.3d [17,] 20, 540 N.E.2d 266. ‘An appellate court, when *88 determining whether a judgment is final, must engage in a two-step analysis. First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 51(B) language is required.’ Id. at 21[, 540 N.E.2d 266].” (Emphasis added.) The General Assembly has clarified that the denial of the benefit of immunity is a final order. R.C. 2744.02(C) provides: “An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.” But it is still in the hands of the trial judge to determine whether the Civ.R. 54(B) language should be added to allow the losing party an immediate appeal.
McIntosh & McIntosh, P.L.L.C., and A. Brian McIntosh, for appellee.
{¶ 22} I disagree with the majority’s statement that in this case, there is tension between a procedural rule and a statute. R.C. 2744.02(C) tells us that we have a final order. But it does not say “final appealable order.” The appealability of the order is a procedural determination to be made by the trial judge and is governed by the rules promulgated by this court. See State ex rel. Scruggs v. Sadler, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101; Intenatl. Bhd. of Elec. Workers, Local Union No. 8 v. Vaughn Industries, L.L.C., 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 8 (“A court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating the order as final”).
{¶ 23} There is no reason to exempt orders under R.C. 2744.02(C) from application of the civil procedural rule. Civ.R. 54(A) explains that the word “judgment” as used in the rule “includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code.” (For example, a final order like that described in R.C. 2744.02(C) is a judgment.) Civ.R. 54(B) states that “the court may enter final judgment * * * only upon an express determination that there is no just reason for delay.” (Emphasis added.) Therefore, a trial court must certify a final, interlocutory order when there are multiple claims or multiple parties to make it appealable.
{¶ 24} I would hold that just as in any other case involving multiple claims or multiple parties, the trial court must certify under Civ.R. 54(B) that “there is no just cause for delay” before the order denying a political subdivision immunity may be considered a final appealable order. I respectfully dissent and would affirm the judgment of the court of appeals.
Pfeifer, J., concurs in the foregoing opinion.
*89 Surdyk, Dowd & Turner Co., L.P.A., Edward J. Dowd, and Kevin A. Lantz, for appellant.
Mazanec, Raskin, Ryder & Keller Co., L.P.A., John T. McLandrich, and Frank H. Scialdone, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, urging reversal for amicus curiae, Ohio Municipal League.