[Cite as *Bobst v. Chem-Tech Consultants, Inc.*, 2011-Ohio-4618.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SCOTT BOBST | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11CA35 |
| CHEM-TECH CONSULTANTS, INC. | |
| | |
| Defendant-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Richland County Common
                              Pleas Court, Case No. 2010-CV-0541

JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       September 12, 2011

APPEARANCES:

For Plaintiff-Appellant           For Defendant-Appellee

ERIC S. MILLER                    J. JEFFREY HECK
13 Park Avenue West, Suite 608    One Marion Ave., Suite 104
Mansfield, Ohio 44902             Mansfield, Ohio 44903

*Hoffman, J.*

{¶1} Plaintiff-appellant Scott Bobst appeals the March 11, 2011 Judgment Entry entered by the Common Pleas Court of Richland County, which dismissed his complaint following a bench trial. Defendant-appellee is Chem-Tech Consultants, Inc.

STATEMENT OF THE CASE[1]

{¶2} Appellant filed a declaratory judgment action against Appellee, his former employer. The trial court dismissed Appellant's complaint with prejudice pursuant to Civ.R. 12(B)(6). Upon appeal, this Court reversed that judgment and remanded the cause for further proceedings.

{¶3} Appellee filed a counterclaim. After remand, the trial court bifurcated Appellant's declaratory judgment action from Appellee's counterclaim, and proceeded to a bench trial on Appellant's declaratory judgment complaint. The trial court granted Appellee's motion for dismissal of the complaint pursuant to Civ.R. 41(B)(2) at the close of Appellant's case via Judgment Entry filed Mach 11, 2011.

{¶4} It is from that entry Appellant prosecutes this appeal, assigning as error:

{¶5} "I. THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFF'S CASE UNDER RULE 41(B)(2).

{¶6} "II. THE TRIAL COURT ERRED IN HOLDING THAT IT COULD NOT HEAR AN ACTION TO INTERPRET THE SEVERANCE AGREEMENT AND THAT PLAINTIFF HAD NO RIGHT TO BRING THIS ACTION.

---

[1] A rendition of the facts is unnecessary for our disposition of this appeal.

{¶7} "III. THE TRIAL COURT ERRED IN FAILING TO HOLD THAT THE NON-COMPETITION AGREEMENT HAD BEEN MERGED INTO AND NEGATED BY THE SEVERANCE AGREEMENT.

{¶8} "IV. THE TRIAL COURT ERRED IN HOLDING THAT THE PROVISION IN THE NON-COMPETITION AGREEMENT RELATING TO NON-CUSTOMERS (SECTION 2 OF PLAINTIFF'S COMPLAINT EXHIBIT B) COULD BE ENFORCED ABSENT A FINDING OF TERMINATION FOR JUST CAUSE."

{¶9} We find the judgment being appealed is not a final appealable order pursuant to R.C. 2505.02. We do so being fully aware the judgment entry contains Civ.R. 54(B) language there is no just reason for delay, and proclaims it represents the final order of the court. Our reasons follow.

{¶10} While it is clear a declaratory judgment action is a "special proceeding" under R.C. 2505.02, the Ohio Supreme Court held in *Walburn v. Dunlap* (2009), 121 Ohio St.3d 373, 904 N.E.2d 863, an order declaring insurance coverage exists but does not address damages is not a final order even though made in a special proceeding. Id. at syllabus. We find the situation here analogous in that the matter of damages sought by Appellee in its counterclaim has not been addressed. We find the counterclaim is inextricably intertwined with Appellant's declaratory judgment action.

{¶11} A finding there is no just cause for delay "…is not a mystical incantation which transforms a nonfinal order into a final appealable order." *Wisintainer v. Elcen Power Strut Co. (*1993), 67 Ohio St.3d 352, 617 N.E.2d 1136, citing *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64. Because we find the counterclaim inextricably intertwined with the original declaratory judgment action, we

find the trial court's March 11, 2011 Judgment Entry is not a final appealable order despite inclusion of Civ.R. 54(B) certification.[2]  We find judicial economy is not best served by allowing piecemeal review of the two actions between these parties.

**{¶12}**  Appellant's appeal is dismissed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY

---

[2] We hasten to note the trial court's "advisory findings" as to the merits of Appellant's declaratory judgment complaint are merely dicta and do not create any law of the case should further appellate review occur.

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SCOTT BOBST | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHEM-TECH CONSULTANTS, INC. | : | |
| | : | |
| Defendant-Appellee | : | Case No. 11CA35 |

For the reason set forth in our accompanying Opinion, this appeal is dismissed.

Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY