[Cite as *Debis v. Pineview Court Condominium Assn., Inc.* , 2011-Ohio-5931.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96740

## JERRY J. DEVIS, ET AL.

### PLAINTIFFS-APPELLEES

vs.

## PINEVIEW COURT CONDOMINIUM ASSOCIATION, INC., ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
## DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-646202

**BEFORE:** Rocco, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** November 17, 2011

**ATTORNEYS FOR APPELLANTS**

**For Gemini Development Group**

Patrick S. Corrigan
55 Public Square
Suite 930
Cleveland, Ohio 44113

**For R.E. Warner & Associates**

F. Thomas Vickers
Vickers Law Group Co., LPA
1119 Bassett Road
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEES**

**For Jerry J. Devis, et al.**

Kerrie K. Matre
Joseph L. Beyke
Matre & Beyke Co., LPA
Conrey Business Center
11800 Conrey Road
Suite 200
Cincinnati, Ohio 45249

F. Harrison Green
4015 Executive Park Drive
Suite 105
Cincinnati, Ohio 45241

Francis P. Manning
Western Reserve Law Building
7556 Mentor Avenue
Mentor, Ohio 44060

**For Rosine M. Botten**

Robert E. Goff, Jr.
Weston Hurd, LLP
The Tower at Erieview
1301 East Ninth Street, Suite 1900
Cleveland, Ohio 44114-2241

**For Pineview Court Condominium Association, et al.**

Brian P. Downey
Jennifer E. Schwartz
Schwartz, Downey & Co., LPA
1616 Guildhall
45 West Prospect Avenue
Cleveland, Ohio 44115

Robert J. Koeth
Koeth, Rice & Leo Co., LPA
1280 West Third Street
Third Floor
Cleveland, Ohio 44113-1514

**For Specialized Construction Inc.**

Richard E. Herthneck
Richard E. Herthneck Co., LPA
20220 Center Ridge Road
Suite 304
Rocky River, Ohio 44116

**For Willoughby Supply Co.**

Cari Fusco Evans
Fischer, Evans, Robbins Ltd.
4505 Stephen Circle, N.W.
Suite 100
Canton, Ohio 44718

KENNETH A. ROCCO, J.:

{¶ 1}  Defendants-appellants Gemini Development Group and R.E. Warner & Associates[1] appeal from the order of the Cuyahoga County Court of Common Pleas that "granted in part and denied in part" the motion for certification that plaintiffs-appellees Jerry J. Devis and Michael A. Duvall filed pursuant to Civ.R. 23.1.[2]

{¶ 2}  Appellants present two assignments of error that challenge the propriety of the trial court's order.   However, since the order is not final, this appeal is dismissed.

{¶ 3}  The facts are briefly summarized to illustrate this court's decision to dismiss this appeal.  Appellees, owners of two condominium units, filed an amended complaint against their condominium association, the members of the association's Board of Managers, all of the other owners, and certain contractors; appellants were among the foregoing.

{¶ 4}  Appellees brought causes of action seeking certification, and for declaratory judgment, breach of contract, breach of duty to repair common areas, breach of duty to maintain reserves, breach of fiduciary duty, civil conspiracy, and waste.  As to appellants, appellees alleged they breached contracts made with the association. Appellants additionally brought individual claims against the Board and its officers, and

---

[1]The trial court referred to appellants below as two of the "commercial defendants."

[2]Civ.R. 23.1 permits corporate shareholders to file derivative actions to enforce   a right of the corporation that the corporation itself refuses to enforce.

requested the court appoint a receiver to oversee the business of the association during the pendency of the action.

{¶ 5} After the defendants filed their answers to the amended complaint, appellees subsequently filed a separate Civ.R. 23.1 motion for certification. Many of the defendants filed briefs in opposition to appellees' motion.[3] The trial court heard oral argument on the matter before issuing its opinion.[4]

{¶ 6} In relevant part, the trial court stated in its opinion as follows:

{¶ 7} "Plaintiffs allege damage to their condominium units from damage/defects in the common property owned as tenants in common by all unit owners (23 total) through the Pineview Court Condominium Association, Inc. (wall, foundations, footers, drainage, driveways, etc). Plaintiffs also complain the common property surrounding other units (the Association owns 11 separate buildings) has not been properly addressed by the Association through its Board and Officers. Attempts to repair have allegedly increased the damage, or, at the least, failed to correct the underlying cause * * * . Plaintiffs, therefore, seek redress from the commercial defendants [, including appellants,] hired by the Association to remediate [sic] these problems. Plaintiffs have no ability to cause the necessary repairs as they only own a 1/23 portion of the common

---

[3]The record reflects that of the two appellants herein, only Gemini filed an opposition brief.

[4]No transcript was made of this hearing.

property at issue. * * * Thus far, the * * * Board and Officers have refused to * * * make claims against [appellants] for their potential responsibility.

{¶ 8}   "* * *

{¶ 9}   "In regard to the derivative action against [appellants], the Court finds that plaintiffs have met their burden pursuant to Civ.R. 23.1 * * * .   If plaintiffs prevail in their suit against [appellants], the remedy sought, money damages, is for the direct benefit of all the unit owners.   Also, plaintiffs' personal interests are not greater than the other unit owners and plaintiffs would adequately represent all unit owners.

{¶ 10} "The Court also finds that a derivative action is the only mechanism to litigate the Associations' claims against the [appellants] as individual owners lack privity to pursue a direct action against companies hired by the Association.   Defendants concede this point as well.

{¶ 11} "Finally, the Association itself argued * * * that a possible resolution to this motion would be for the Court to grant the motion for certification as to the [appellants].

{¶ 12} "For all these reasons, the Court grants in part the Motion for Certification under Civ.R. 23.1 as to all claims against the [appellants] (counts eight through thirteen)."

{¶ 13} The trial court concluded its opinion by denying appellees' motion for certification with respect to "the Association and its officers and directors for claims involving breach of contract and breach of fiduciary duty."

{¶ 14} Appellants filed their notice of appeal from the foregoing order. Although appellants present two assignments of error, this court lacks jurisdiction to consider them, because the trial court's order does not constitute a final order pursuant to either R.C. 2505.02 or Civ.R. 54(B).

{¶ 15} It is axiomatic that an order must be final before an appellate court has jurisdiction to review it. *Walburn v. Dunlop*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶13, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266. A final order is one that disposes of either the whole case or some separate and distinct branch thereof. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 94, 540 N.E.2d 1381. If an order from which an appeal is taken is not final and appealable, the appellate court must dismiss the appeal. *Niehaus v. Columbus Maennerchor*, Franklin App. No. 07AP-1024, 2008-Ohio-4067, ¶16.

{¶ 16} The Supreme Court of Ohio set forth a two-step analysis for determining whether an order is final and appealable. *Walburn*. First, the appellate court must determine whether the order constitutes a final order as defined by R.C. 2505.02. If the order meets the statutory definition, the court then must determine whether Civ.R. 54(B) language is required and, if so, whether the order contains a certification that "there is no just reason for delay." As in this case, when an order adjudicates fewer than all claims, it must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B). Id.

{¶ 17} The trial court order from which appellants appeal, therefore, must fit into at least one of the categories set forth in R.C. 2505.02(B) to be final. *Noble* at 96. In pertinent part, R.C. 2505.02(B) defines a final order as one that either "affects a substantial right in an action that *in effect determines the action* and prevents a judgment," or that "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

{¶ 18} The supreme court explained the terms used in R.C. 2505.02(B) by stating:

{¶ 19} "In *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213, we considered the question of what constitutes a final order in a special proceeding. We held, 'Orders that are entered in actions that were recognized at common law or in equity and were not specially created by statute are not orders entered in special proceedings pursuit to R.C. 2505.02.' Id. at syllabus. We later clarified that '[i]t is the underlying action that must be examined to determine whether an order was entered in a special proceeding. *Walters v. Enrichment Ctr. of Wishing Well, Inc.* (1997), 78 Ohio St.3d 118, 121-122, 676 N.E.2d 890." *Walburn*, ¶19.

{¶ 20} In this case, appellees filed a shareholder derivative suit that alleged appellants breached a contract they made with the association. Shareholder derivative actions are recognized in equity and are not special proceedings. *Polikoff.* An action alleging breach of contract, obviously, also is one that is recognized at common law.

{¶ 21} Moreover, Civ.R. 54 provides in pertinent part:

"(**B) Judgment upon multiple claims or involving multiple parties**

**{¶ 22}** "When more than one claim for relief is presented in an action * * *, or when multiple parties are involved, the court may enter *final judgment* as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay*. In the absence of [such] a determination * * *, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, *shall not terminate the action as to any of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)

**{¶ 23}** In this case, the trial court added no Civ.R. 54(B) language to its order, and the order simply permitted some of appellees' claims, such as those against appellants, to proceed. This failed to either affect any of appellants' "substantial rights," or actually determine appellees' claims against appellants.

**{¶ 24}** Accordingly, appellants have sought to challenge a nonfinal order over which this court lacks jurisdiction. *Polikoff*.

Appeal dismissed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR