[Cite as *Gen. Elec. Credit Union v. Jeff Schmitt Auto Group, Inc.*, 2017-Ohio-8560.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GENERAL ELECTRIC CREDIT UNION, | : | APPEAL NO. C-170061<br>TRIAL NO. A-1504101 |
| | : | |
| Plaintiff-Appellee, | | *O P I N I O N.* |
| | : | |
| vs. | | |
| | : | |
| JEFF SCHMITT AUTO GROUP, INC.,<br>d.b.a. JEFF SCHMITT CADILLAC, | : | |
| JEFF SCHMITT AUTO GROUP, INC.,<br>d.b.a. JEFF SCHMITT MITSUBISHI, | : | |
| | : | |
| JEFF SCHMITT CHEVROLET LTD.,<br>d.b.a. JEFF SCHMITT CHEVROLET<br>SOUTH, | : | |
| | : | |
| JEFF SCHMITT CHEVROLET LTD.,<br>d.b.a. JEFF SCHMITT CHEVROLET<br>NORTH, | : | |
| | : | |
| JEFF SCHMITT MAZDA L.L.C., d.b.a.<br>JEFF SCHMITT MAZDA, | : | |
| and | : | |
| JEFF SCHMITT NISSAN, INC., d.b.a.<br>JEFF SCHMITT NISSAN, | : | |
| Defendants-Appellants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: November 15, 2017

*Statman, Harris & Eyrich, LLC,* and *William B. Fecher* for Plaintiff-Appellee,

*Green & Green Lawyers* and *Thomas M. Green* for Defendants-Appellants.

**MOCK, Presiding Judge.**

{¶1} Plaintiff-appellee General Electric Credit Union ("GECU") filed suit against defendants-appellants Jeff Schmitt Auto Group, Inc., d.b.a. Jeff Schmitt Cadillac, Jeff Schmitt Auto Group, Inc., d.b.a. Jeff Schmitt Mitsubishi, Jeff Schmitt Chevrolet, Ltd., d.b.a. Jeff Schmitt Chevrolet South, Jeff Schmitt Chevrolet, Ltd., d.b.a. Jeff Schmitt Chevrolet North, Jeff Schmitt Mazda L.L.C., d.b.a. Jeff Schmitt Mazda, and Jeff Schmitt Nissan, Inc., d/b/a Jeff Schmitt Nissan ("dealerships") seeking a declaration that the dealerships were obligated to indemnify GECU for litigation costs arising from consumer class-action lawsuits filed in Montgomery and Greene Counties against the dealerships and GECU. The trial court granted GECU's motion for summary judgment on the issue of indemnification, but did not determine the amount owed. After the trial court issued a decision pursuant to Civ.R. 54(B) that there was no just reason for delay, the dealerships appealed the decision.

{¶2} Civ.R. 54(B) allows a trial court to enter final judgment as to one or more but fewer than all of the claims or parties if the court finds that there is no just reason for delay. But "[a]s a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed." *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 31, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989).

{¶3} The decision of the trial court that the dealerships were required to indemnify GECU was not a final appealable order without a determination of the amount owed. Because the court's decision was not a final appealable order, the Civ.R. 54(B) determination of no just reason for delay was of no effect. *Walburn* at ¶ 31. When the record certified for our review does not contain a final appealable

order, we must dismiss the appeal for lack of subject-matter jurisdiction. *See Gen. Acc. Ins. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). The appeal is dismissed.

Appeal dismissed.

**CUNNINGHAM** and **MILLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.



3