[Cite as *McKinley Dev. Leasing Co., Ltd. v. Westfield Ins. Co.*, 2022-Ohio-2128.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| McKINLEY DEVELOPMENT LEASING COMPANY, LTD., et al. | JUDGES: Hon. William., Hoffman, P. J. Hon. John W. Wise, J. Hon. Patricia A. Delaney, J. |
| Plaintiffs-Appellees | |
| -vs- | Case No. 2021CA00142 |
| WESTFIELD INSURANCE COMPANY | O P I N I O N |
| Defendant-Appellant | |


CHARACTER OF PROCEEDING:     Civil Appeal from the ourt of Common
                              Pleas, Case No.  2020 CV 00815

JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       June 22, 2022

APPEARANCES:

For Plaintiffs-Appellees                    For Defendant-Appellant

LEE E. PLAKAS                               DAVID G. UTLEY
GARY A. CORROTO                             RICHARD M. GARNER
MARIA C. KLUTINOTY EDWARDS                  SUNNY L. HORACEK
COLLIN S. WISE                              COLLINS ROCHE UTLEY & GARNER
PLAKAS MANNOS                               655 Metro Place South, Suite 200
200 Market Avenue North, Suite 300          Dublin, Ohio  43017
Canton, Ohio  44702

THOMAS W. WINKHART                          EDWARD M. KOCH
KELSEY M. SULLIVAN                          MARC L. PENCHANSKY
WINKHART & MINOR, LLC                       WHITE AND WILLIAMS, LLP
825 South Main Street                       1650 Market Street
North Canton, Ohio  44720                   One Liberty Place, Suite 1800
                                            Philadelphia, PA  19103

*Wise, J.*

**{¶1}** Appellant Westfield Insurance Company appeals the October 14, 2021, and November 9, 2021, decisions of the Stark County Court of Common Pleas granting summary judgment in favor of Appellees McKinley Development Leasing Company, Ltd., et al.

STATEMENT OF THE FACTS

**{¶2}** This appeal concerns the issue of whether Appellee McKinley Development Leasing Company, Ltd., et al., a property developer, is entitled to coverage for lost business income under its Policy of insurance with Appellant Westfield Insurance Company.

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** McKinley Development Leasing Company, Ltd., McKinley Development Leasing Company (A), Ltd., and McKinley Leasing Company (D), Ltd. (collectively referred to as "McKinley" or "Appellees") are a group of local real estate development and leasing companies owned and operated/managed by developers William J. Lemmon, Robert J. DeHoff and his son, Daniel J. DeHoff. McKinley owns several commercial properties located in North Canton, Ohio, which it leases to multiple businesses.

**{¶5}** McKinley is insured by Westfield Insurance Company under a commercial business owner policy, CWP 4 697 218, effective February 16, 2020 to February 16, 2021.

**{¶6}** In early 2020, in response to the COVID-19 pandemic, Ohio Governor Mike De Wine issued Executive Order 2020-OID of March 9, 2020 declaring a state of emergency. Following the Executive Order, on March 15, 2020, the Ohio Department of Health Director issued the Director's Order In Re: Order Limiting the Sale of Food and

Beverages, Liquor, Beer and Wine to Carry-Out and Delivery Only, and on March 22, 2020, the Ohio Department of Health Director issued Director's Stay at Home Order. Throughout the country, businesses that were deemed "non-essential" were forced to curtail their business or were completely shut down by the Civil Authority Orders in an attempt to slow the spread of the Pandemic.

{¶7}    Appellant McKinley claimed that the Pandemic and the government-mandated shutdowns resulted in the inability of McKinley and its tenants to utilize, access, and/or possess the premises. As a result, McKinley submitted an insurance claim to Westfield for loss of business income and extra expense, as well as coverage under the Civil Authority provision of the Policy.

{¶8}    In turn, Westfield denied coverage on the basis that McKinley could not demonstrate a direct physical loss of or damage to its property.

{¶9}    As a result of the denial of coverage, McKinley filed a Complaint against Westfield, which included claims of breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment.

{¶10} After overruling Westfield's motion to dismiss the complaint, McKinley moved for partial summary judgment on liability. (February 9, 2021 Order Overruling Westfield's Motion to Dismiss the Complaint).

{¶11} Concurrently, Westfield moved for summary judgment on all claims.

{¶12} By Judgment Entry filed October 14, 2021, the trial court granted McKinley's motion for summary judgment and denied Westfield's motion with the exception of punitive damages and bad faith claims.

{¶13} Thereafter, on November 9, 2021, the trial court certified its October 14, 2021, summary judgment entry for immediate appeal.

{¶14} It is from this decision Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶15} "I. THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT PLAINTIFF EXPERIENCED A "DIRECT PHYSICAL LOSS OF OR DAMAGE TO" ITS PROPERTY FROM THE PRESENCE OF COVID-19 IN THE COMMUNITY AND THE PASSAGE OF CIVIL AUTHORITY ORDERS TO CURB COVID-19'S SPREAD.

{¶16} "II. THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT THE POLICY'S CIVIL AUTHORITY PROVISION ENTITLED MCKINLEY TO COVERAGE.

{¶17} "III. THE TRIAL COURT ERRED BY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE GROUND THAT THE VIRUS EXCLUSION DOES NOT APPLY TO MCKINLEY'S CLAIM FOR LOST BUSINESS INCOME.

{¶18} "IV. THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE MCKINLEY HAS NOT ESTABLISHED THAT IT SUSTAINED ANY DAMAGES."

## *FINAL APPEALABLE ORDER ANALYSIS*

{¶19} We find we do not have jurisdiction to review the trial court's judgment.

{¶20} Section 3, (B)(2), Article IV, of the Ohio Constitution gives appellate court's jurisdiction to review final orders or judgments. *See also Gehm v. Timberline Post & Frame,* 112 Ohio St.3d 514, 2007–Ohio–607, 861 N.E.2d 519. If there is no final appealable order, we have no jurisdiction to review the matter. *General Accident Insurance v. Insurance Company of North America* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266. We have no option but to dismiss the appeal. *Renner's Welding and Fabrication, Inc. v. Chrysler Motor Corporation* (1996), 117 Ohio App.3d 61, 689 N.E.2d 1015.

{¶21} In *Walburn v. Dunlap,* 121 Ohio St.3d 373, 2009–Ohio–1221, 904 N.E.2d 863, the Supreme Court held: "An order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding." Syllabus by the court.

{¶22} A judgment in a declaratory judgment action is not a final appealable order if the trial court finds the insured is entitled to coverage, but has not addressed the issue of damages even if the order includes a certification made pursuant to Civ.R. 54(B). " 'As a general rule, even where the issue of liability has been determined, but a factual adjudication of relief is unresolved, the finding of liability is not a final appealable order even if Rule 54(B) language was employed.' A trial court's use of such language does not convert an otherwise non-final order into a final, appealable order." *Id. Walburn* at paragraph 31, quoting *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381.

*See also Estate of Helsep v. Allstate Ins. Co.*, 5th Dist. Stark No. 09-CA-282, 2010-Ohio-2722, ¶¶ 3-6.

**{¶23}**  Upon review, we find we have no jurisdiction to review the matter.

**{¶24}** For the reasons stated in the foregoing opinion, the appeal from the judgment of the Stark County Court of Common Pleas is dismissed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/kw 0614