[Cite as *Frank v. Allen*, 2026-Ohio-1922.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| DIANE FRANK, | CASE NO. 2025-T-0074 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Probate Division |
| MICHELLE ALLEN, FIDUCIARY OF THE ESTATE OF RICHARD PANCHIK, et al., | |
| | Trial Court No. 2024 CVA 0014 |
| Defendants-Appellants. | |

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: May 26, 2026
Judgment: Appeal dismissed

*Daniel G. Keating*, Keating Law Office, 170 Monroe Street, N.W., Warren, OH 44483 (For Plaintiff-Appellee).

*Jason A. Whitacre*, Flynn Keith & Flynn, L.L.C., P.O. Box 762, 214 South Water Street, Kent, OH 44240 (For Defendants-Appellants).

JOHN J. EKLUND, J.

{¶1} Appellant, Michelle Allen, individually and as fiduciary of the estate of Richard Panchik, appeals the judgment of the Trumbull County Court of Common Pleas, Probate Division, granting the motion for summary judgment filed by Appellee, Diane Frank ("Ms. Frank"). For the reasons that follow, we sua sponte dismiss this appeal for lack of jurisdiction.

**Background**

{¶2}    On April 16, 2024, Ms. Frank filed an amended complaint for determination of heirship pursuant to R.C. Ch. 2123 in the Trumbull County Probate Court.  Ms. Frank alleged that she is the sister of Richard Panchik ("the decedent"), who died intestate on December 24, 2023, and that Appellant purports to be the decedent's daughter and the sole beneficiary of his intestate estate.  Ms. Frank further alleged that Appellant "is not, in fact the biological or adopted child of the decedent" because (1) no person is listed as the father on her birth certificate; (2) the decedent married Appellant's mother nearly two years after Appellant's birth; and (3) no paternity action pursuant to R.C. Ch. 3111 was ever filed against the decedent.  Ms. Frank requested (1) an inquiry and determination of the facts; (2) a declaration that Appellant is not the decedent's biological or adoptive child; (3) removal of Appellant as the fiduciary of the decedent's estate; and (4) a determination that the decedent's surviving siblings are his next of kin.  As defendants, Ms. Frank named Appellant, individually and as fiduciary of the decedent's estate, and the decedent's four alleged surviving siblings (Frank Panchik, Nancy Panchik, Denise Belitto, and Janet Kempe).

{¶3}    On September 15, 2025, the trial court filed a judgment entry granting Ms. Frank's motion for summary judgment and denying Appellant's cross-motion for summary judgment.  The trial court determined, as a matter of law, that Appellant was not the child of the decedent, and, therefore, she was not entitled to inherit from the decedent's intestate estate.  The trial court also found that there was "insufficient evidence" to determine "who the heirs of the Estate are."  The trial court set the matter for "an additional hearing to hear testimony on that issue."

{¶4} On October 15, 2025, Appellant filed a notice of appeal from the trial court's judgment. In the docketing statement accompanying her notice, Appellant asserted that the trial court's judgment was a final, appealable order pursuant to R.C. 2505.02(B)(1), (2), and (4).

{¶5} On December 5, 2025, this Court ordered the parties to show cause why the appeal should not be dismissed for lack of a final, appealable order. We stated that it does not appear that all claims have been resolved and that the appealed judgment states that further action shall be taken.

{¶6} On December 15, 2025, Appellant filed a response to our show cause order. Appellant argued that the appeal should not be dismissed because the trial court's judgment was a "final order" pursuant to R.C. 2505.02(B)(1) and (4). Ms. Frank did not file a response.

{¶7} On January 23, 2026, this Court filed a judgment entry stating that "[a]t this time, the court has determined that the appeal shall proceed according to rule." Appellant and Ms. Frank subsequently filed their respective merit briefs.

**Analysis**

{¶8} Article IV, § 3(B)(2) of the Ohio Constitution provides that "[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district . . . ." If the trial court's order is not a final order, then this Court does not have jurisdiction to review the case, and the appeal must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "An appellate court, when determining whether a judgment is final, must engage in a two-step analysis. First,

it must determine if the order is final within the requirements of R.C. 2505.02.  If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required." *Id.* at 21.

{¶9}  R.C. 2505.02(B) provides in relevant part:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
. . .

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶10}  We first consider R.C. 2505.02(B)(2), i.e., whether the trial court's judgment constitutes "[a]n order that *affects a substantial right* made in a *special proceeding*." (Emphasis added.)  A "special proceeding" is "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity."  R.C. 2505.02(A)(2).  The Supreme Court of Ohio has held that a proceeding to determine heirship under R.C. 2123.01 et seq. is "a special statutory proceeding ancillary to the administration of an estate."  *Bradford v. Micklethwait*, 163 Ohio St. 301 (1955), syllabus; *see Kane v. Kane*, 146 Ohio St. 686, 690 (1946).  Therefore, the dispositive issue is whether the trial court's judgment "affects a substantial right."

Case No. 2025-T-0074

{¶11} A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). As stated, Appellant purports to be the decedent's only child; therefore, she stood to inherit his entire intestate estate pursuant to Ohio's statute of descent and distribution. *See* R.C. 2105.06(A). Accordingly, the trial court's judgment involved a substantial right.

{¶12} However, the Supreme Court has held that "the mere existence or implication of a substantial right in a case is insufficient to create a final order." *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, 2020-Ohio-4409, ¶ 16. "Instead, the 'crucial question' is whether the order '*affects* a substantial right.'" (Emphasis in original.) *Id.*, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). "An order affects a substantial right 'only if an immediate appeal is necessary to protect the right effectively.'" *Id.*, quoting *Wilhelm-Kissinger v. Kissinger*, 2011-Ohio-2317, ¶ 7. Stated differently, the order must "be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell* at 63. According to the Supreme Court, "[t]his understanding is consistent with long-standing principles that generally limit appellate review to final decisions in order to avoid 'the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy.'" *E.A.K.M. v. M.A.M.*, 2025-Ohio-2946, ¶ 18, quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 (1974).

{¶13} The underlying matter is analogous to a declaratory judgment action. The Supreme Court of Ohio has held that "[a] declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which

Case No. 2025-T-0074

affects a substantial right is a final appealable order." *General Acc. Ins. Co.*, 44 Ohio St.3d at 22. However, the Court has also held that "[a]n order that declares that an insured is entitled to coverage but does not address damages is not a final order as defined in R.C. 2505.02(B)(2), because the order does not affect a substantial right even though made in a special proceeding." *Walburn v. Dunlap*, 2009-Ohio-1221, syllabus. Ohio appellate courts have held that "when a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *Nungester v. Transcontinental Ins. Co.*, 2004-Ohio-3857, ¶ 11 (4th Dist.) (citing cases); *see GrafTech Internatl. Ltd. v. Pacific Emps. Ins. Co.*, 2016-Ohio-1377, ¶ 10 (8th Dist.) (citing cases).

{¶14} Here, the trial court's judgment does not "*affect* a substantial right" as the Supreme Court has defined that phrase. Ms. Frank's amended complaint sought determinations/declarations regarding the inheritance rights of herself, Appellant, and four additional defendants. While the trial court's judgment determined/declared Appellant's rights, the court set an additional hearing to determine/declare the rights of the remaining parties. An immediate appeal is not necessary to protect Appellant's rights; Appellant may appeal after the trial court issues a final order that determines/declares the rights of all parties. Accordingly, the trial court's judgment is not a "final order" pursuant to R.C. 2505.02(B)(2).

{¶15} Since the underlying matter involved a "special proceeding" under R.C. 2505.02(B)(2), we find that R.C. 2505.02(B)(1) and (4) are expressly inapplicable. Further, since we have found that there is no final order, we need not address Civ.R. 54(B). *See Walburn*, 2009-Ohio-1221, at ¶ 31.

Case No. 2025-T-0074

{¶16} For the foregoing reasons, this appeal is dismissed sua sponte for lack of jurisdiction.


MATT LYNCH, P.J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-T-0074

## JUDGMENT ENTRY

For the reasons stated in the Memorandum Opinion of this Court, it is ordered that this appeal is dismissed sua sponte for lack of jurisdiction.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-T-0074